BROWN, P. J.
It appears from the petition of the relator that he is a veteran volunteer fireman, holding an honorable discharge from the Metropolitan fire department, and that prior to January 30, 1895, he was a cleric in the tax and,assessment bureau in the department of finance in the city of Brooklyn. Under provisions of chapter 144, Laws 1866, he was protected from discharge from such position, except for cause, and after a hearing. On January 30,1895, he was discharged from the public service by the respondent on the ground that the position he held had been abolished. The relator alleges that the position was not in fact abolished, and he claims that his removal was illegal, and in contravention of the express provision of the law referred to. The respondent, in his affidavit read in opposition to the application for the writ of mandamus, alleges that the position held by the relator was abolished, and that the relator was discharged for the reason that there was no work for him to perform. :
The question whether the respondent’s act in abolishing the position held by the relator was done in good faith, or was color-able only, was one of fact, which it was essential should be determined before the court could grant the writ applied for. . The limitation prescribed by the act of the legislature referred to, upon the power of removal, did not prevent the abolition of the position held by the relator, nor his discharge from the public service, if there was no work for him to perform; and the only relief that the relator was entitled to, upon the papers before the court, was an alternative writ, which would have enabled him to have had tried and'had determined the question whether the position which he held had honestly and in good faith been abolished. For this reason we should be compelled to affirm the order appealed from. But we are of the opinion that the application was prpnerly denied because of the long delay in instituting this proceeding. The writ of mandamus is a discretionary writ, and may be refused where the delay in applying for it is unreasonable; and. we are of the opinion that where a person claims to be entitled to hold a position in the public service of the state or city, and is unlawfully discharged therefrom by his superior officer, he should assert his right to be reinstated promptly. We do not mean to be understood as deciding that the term of ten months is an absolute bar to the proceeding. In many cases neither that period, nor a longer period, would be so treated, but where there is such delay the applicant should furnish some explanation for it. The reinstatement of a clerk so long after his discharge would, to some extent, probably disarrange the public service, and that fact must be given some, weight in deciding applications of this character. In this case the relator furnished no explanation his delay in commencing this proceeding, and for this reason *519 we think the discretion of the court was properly exercised in refusing the writ.
The order must be affirmed, with ten dollars qosts and disbursements.
All concur.