(5 App. Div. 227.)

PEOPLE ex rel. CAHILL v. BARKER et al., Commissioners of Taxes, etc.

(Supreme Court, Appellate Division, First Department. May 15, 1896.)

TAX ASSESSORS—REMOVAL.
    The tax assessors appointed by the commissioners of taxes under Laws 1882, c. 410 (Consolidation Act), § 865, which authorizes such appointments, but does not specify any term of office, may be removed by the commissioners at any time under Const. art. 10, § 3, providing that, where the duration of any office is not provided by the constitution or declared by law, "such office shall be held during the pleasure of the authority making the appointment."

Certiorari by Edward Cahill to review the determination of Edward P. Barker and others, commissioners of taxes and assessments of the city of New York, in removing relator from the office of assessor. Dismissed.

The relator was appointed December 8, 1887, under the Consolidation Act (Laws 1882, c. 410) § 865, which provided: "The commissioners of taxes and assessments shall from time to time appoint four skillful and competent disinterested persons, citizens of the United States, and residents of the city of New York, who shall constitute a board, to be known as the 'Board of Assessors' and who shall be charged with the duty of making the estimate and assessments, required by law," etc. On the 20th day of November, 1895, the respondents held a meeting, and passed a resolution, as follows: "Resolved, that Henry A. Gumbleton and Edward Cahill, now assessors, be, and are hereby, removed from their said position as assessors. Such removal to take effect immediately." After the passage of this resolution the relator was notified by the secretary of the board that he was so removed. He thereupon notified the board that his removal was contrary to law, and protested against the same. The appointment was not in express terms for any particular time, and the respondents claim that the duration of the time of his office was not provided for by the constitution or declared by law, but he held such office during the pleasure of the board, and the respondents therefore had the power to remove him, at their pleasure, and without assigning any reason therefor.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, O'BRIEN, and INGRAHAM, JJ.

Henry A. Gumbleton, for relator.

Terence Farley, for respondents.

WILLIAMS, J.　Article 10, § 3, of the constitution, as it existed prior to 1894, and as it still exists, provides:

"Where the duration of any office is not provided by the constitution, it may be declared by law, and if not so declared, such office shall be held during the pleasure of the authority making the appointment."

The duration of this office was not provided for by the constitution, nor was it declared by the consolidation act, or any other act of the legislature. The relator was not within any of the provisions of law limiting the power of removal, as in cases of the police force, heads of bureaus, clerks, veterans, etc. We see no escape, therefore, from the conclusion that the respondents had the power to remove the relator from his office as assessor, at their pleasure.

The writ should be dismissed.　All concur.