THE PEOPLE OF THE STATE OF NEW YORK ex rel. SEVERIN WARSCHAUER, Appellant, v. WILLIAM DALTON, as Commissioner of Water Supply of the City of New York, Respondent.

*City of New York — an inspector of water supply to shipping is not a "regular clerk" — application, by such inspector, for reinstatement — conclusion in his application that he is only subject to removal for cause.*

An inspector of water supply to shipping in the department of public works of the city of New York appointed in September, 1895, is not a "regular clerk," and may be removed without a trial, hearing or an opportunity for an explanation.

Where, in an application by such inspector to be reinstated, his duties are not disclosed, a conclusion, following the statement of the relator's office, that "said office or position was and is that of a regular clerk, and was and is in the classi-

fied civil service,  *  *  *  and the which said office or position petitioner was and is entitled to continue to hold, subject only to removal for cause, or to abolish unnecessary positions," cannot be sustained.

APPEAL by the relator, Severin Warschauer, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of October, 1898, denying his motion for a peremptory writ of mandamus directing William Dalton, as commissioner of water supply of the city of New York, to reinstate the relator in his position as inspector of water supply to shipping in the department of water supply; or, in the alternative, for a writ of certiorari to review the determination of the said William Dalton, as commissioner of water supply of the city of New York, in regard to the removal of the relator from his position in said department.

*W. R. Spooner*, for the appellant.

*Terence Farley*, for the respondent.

BARRETT, J. :

The relator was appointed an inspector of water supply to shipping in the department of public works in September, 1895. He was assigned to the same position in the department of water supply under the new charter, and was removed by the respondent in June, 1898, without trial, hearing or an opportunity for explanation. He contends that he was subject only to removal for cause.

It was held in *People ex rel. Bowers* v. *Dalton*, affirmed by this court (31 App. Div. 630), upon the opinion of Mr. Justice FREEDMAN at Special Term (23 Misc. Rep. 294), that a "foreman of repairs," transferred as was this relator, could be removed by the respondent at pleasure. In his opinion in that case, Mr. Justice FREEDMAN reviews the Constitution, the civil service rules and the provisions of the new charter, and holds that no right to trial or hearing is given. We think the present case is governed by this decision. The only difference between the cases is that here the relator claims for the position of "Inspector of Water Supply to Shipping in the Department of Water Supply" the attributes of a clerkship. He does not, however, state the facts upon which his conclusion rests — for, plainly, his assertion on that head is of a

conclusion and not of a fact. This is apparent from the language of his petition. After there alleging the real facts as to his original appointment under the charter of the former city of New York, and his subsequent assignment to a similar position under the new charter of the present city, he concludes as follows: "Whereby and by reason whereof petitioner, on the 1st day of January, 1898, became and thereafter continued to be, and notwithstanding the determination hereinafter complained of, still lawfully is, Inspector of Water Supply to Shipping in the Department of Water Supply, *the which said office or position was and is that of a regular clerk,* and was and is in the classified civil service  *  *  *  and the which said office or position petitioner was and is entitled to continue to hold, subject only to removal for cause, or to abolish unnecessary positions." The characterization here of the inspectorship is but a part of the petitioner's general conclusion from the preceding facts. It is in no just sense a statement of an independent fact. Whether the relator is or is not a regular clerk depends upon the nature of his duties. These duties are not here disclosed, and in the absence of a distinct statement on that head the relator's conclusion that the duties of an inspector of water supply to shipping are those of a regular clerk cannot well be sustained.

It was held in *People ex rel. Sims* v. *Fire Commissioners* (73 N. Y. 437) that the term "regular clerk," in the section of the former charter, upon which that under consideration is founded, was used in the popular sense; that is, as applicable to persons employed in one of the departments to keep the records or accounts, and that it does not apply to subordinate ministerial officers, although in the performance of their duties, or as an incident thereto, they may render some service which might have been performed by a clerk. This rule was subsequently followed, and held to be applicable to a superintendent of telegraph appointed by the fire commissioners (*People ex rel. Emerick* v. *Board of Fire Commissioners,* 86 N. Y. 149); to a roundsman in the department of docks (*People ex rel. McCullough* v. *Cram,* 72 N. Y. St. Repr. 266), and to a sanitary inspector of the board of health (*People ex rel. Archbold* v. *Health Department,* 24 Wkly. Dig. 197). There can be no doubt that it equally applies to an inspector of water supply to shipping.

It is also claimed that the respondent did not enter the true.

grounds for the relator's discharge upon the records of his department, nor file therein a statement showing the reasons therefor, nor transmit notice thereof to the *City Record* for publication therein. It was held in *People ex rel. Woltman* v. *Myers* (10 N. Y. Supp. 815) that the failure of a head of department to accurately comply with the statute in one of the latter particulars did not vitiate a removal which was made for cause after an opportunity for explanation.   It certainly does not vitiate a removal "at pleasure."

The order appealed from should be affirmed, with costs.

VAN BRUNT, P. J., RUMSEY, INGRAHAM and McLAUGHLIN, JJ., concurred.

Order affirmed, with costs.