PEOPLE ex rel. WARSCHAUER v. DALTON.

(Supreme Court, Appellate Division, First Department. November 11, 1898.)

1. CITY OFFICER—REMOVAL.
    An inspector of water supply to shipping in the department of public works in the old municipality of New York, assigned to the same position in the department of water supply in the new city, may be removed by the commissioner of water supply at pleasure, without a hearing.

2. SAME—REINSTATEMENT—PETITION.
    In proceedings to compel the reinstatement of a municipal employé discharged contrary to the civil service regulations, an averment that petitioner's position was that of a regular clerk protected by said rules, which does not disclose his duties, states a conclusion, and is insufficient.

**3. SAME—REGULAR CLERK.**
The fact that a subordinate ministerial municipal officer regularly does some clerical work in the performance of his duty does not make him a regular clerk, within the civil service rules.

**4. SAME.**
Failure to comply with statute regulating the removal of municipal employés, removable only after a hearing by filing statement of reasons and entering on record, does not vitiate a removal of one removable at pleasure.

Appeal from special term. .

Petition by the people, on the relation of Severin Warschauer, against William Dalton, as commissioner of water supply in the city of New York, for mandamus to compel respondent to reinstate relator in the position of inspector of water supply to shipping in the department of water supply. From an order dismissing the petition, relator appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

W. R. Spooner, for appellant.
Terence Farley, for respondent.

BARRETT, J. The relator was appointed an inspector of water supply to shipping in the department of public works in September, 1895. He was assigned to the same position in the department of water supply under the new charter, and was removed by the respondent in June, 1898, without trial, hearing, or an opportunity for explanation. He contends that he was subject only to removal for cause. It was held in People v. Dalton, affirmed by this court on the 17th day of June, 1898, upon the opinion of Mr. Justice Freedman at special term (23 Misc. Rep. 294, 50 N. Y. Supp. 1028), that a "foreman of repairs," transferred as was this relator, could be removed by the respondent at pleasure. In his opinion in that case Mr. Justice Freedman reviews the constitution, the civil service rules, and the provisions of the new charter, and holds that no right to trial or hearing is given. We think the present case is governed by this decision. The only difference between the cases is that here the relator claims for the position of "inspector of water supply to shipping in the department of water supply" the attributes of a clerkship. He does not, however, state the facts upon which his conclusion rests; for plainly his assertion on that head is of a conclusion, and not of a fact. This is apparent from the language of his petition. After there alleging the real facts as to his original appointment under the charter of the former city of New York, and his subsequent assignment to a similar position under the new charter of the present city, he concludes as follows:

"Whereby and by reason whereof petitioner, on the 1st day of January, 1898, became, and thereafter continued to be, and notwithstanding the determination hereinafter complained of still lawfully is, inspector of water supply to shipping in the department of water supply, the which said office or position was and is that of a regular clerk, and was and is in the classified civil service, * * * and the which said office or position petitioner was and is entitled to continue to hold, subject to removal for cause or to abolish unnecessary positions."

The characterization here of the inspectorship is but a part of the petitioner's general conclusion from the preceding facts. It is in no just sense a statement of an independent fact. Whether the relator is or is not a regular clerk depends upon the nature of his duties. These duties are not here disclosed; and, in the absence of a distinct statement on that head, the relator's conclusion that the duties of an inspector of water supply to shipping are those of a regular clerk cannot well be sustained. It was held in People v. Fire Com'rs of New York, 73 N. Y. 437, that the term "regular clerk" in the section of the former charter upon which that under consideration is founded was used in the popular sense,—that is, as applicable to persons employed in one of the departments to keep the records or accounts; and that it does not apply to subordinate ministerial officers, although in the performance of their duties, or as an incident thereto, they may render some service which might have been performed by a clerk. This rule was subsequently followed and held to be applicable to a superintendent of telegraph appointed by the fire commissioners (People v. Board of Fire Com'rs of New York, 86 N. Y. 149); to a roundsman in the department of docks (People v. Cram [Super. Ct. N. Y.] 36 N. Y. Supp. 1117); and to a sanitary inspector of the board of health (People v. Health Department, 24 W'kly. Dig. 197). There can be no doubt that it equally applies to an inspector of water supply to shipping.

It is also claimed that the respondent did not enter the true grounds for the relator's discharge upon the records of his department, nor file therein a statement showing the reasons therefor, nor transmit notice thereof to the city record for publication therein. It was held in People v. Myers (Sup.) 10 N. Y. Supp. 815, that the failure of a head of department to accurately comply with the statute in one of the latter particulars did not vitiate a removal which was made for cause after an opportunity for explanation. It certainly does not vitiate a removal "at pleasure."

The order appealed from should be affirmed, with costs. All concur.