(29 Misc. Rep. 154.)

PEOPLE ex rel. WARSCHAUER v. DALTON. PEOPLE ex rel. THOMPSON v. SAME. PEOPLE ex rel. GOLDSMITH v. SAME.

(Supreme Court, Special Term, New York County. October, 1899.)

ESTOPPEL—FAILURE TO PROSECUTE PROPER REMEDY.
　　Where, pending an appeal by relators, who sued for reinstatement to civil service positions, under section 1543 of the New York City charter, the court of appeals renders a decision that such questions are controlled by the general civil service law, a continued prosecution of such appeal under an excusable but mistaken belief that the allegations of the petition were sufficiently broad to disclose a case under the general law does not estop the party from afterwards prosecuting his proper remedy.

Applications by the people on relation of Simon Warschauer, Albert C. Thompson, and Louis Goldsmith, respectively, against William Dalton, commissioner, etc., for peremptory writs of mandamus. Applications granted.

Julius M. Mayer, Samuel H. Ordway, and Samuel S. Slater, for relators.

Theodore Connoly, for respondent.

BISCHOFF, J. The relators, holding positions in the civil service classified as subject to competitive examination, were removed from their positions without charges and without a hearing. That the removal was wrongful as a matter of law, under the authority of People ex rel. Fleming v. Dalton, 158 N. Y. 175, 52 N. E. 1113, is conceded, and the dispute is as to whether the relators have lost their right to assert the illegality. It appears that the removals took place during the months of May, June, and July, 1898, at a time when questions relating to civil service in the city of New York were deemed to be controlled by the charter, to the exclusion of the provisions of the general civil service law, the latest authority being then afforded by the Leet Case, 31 App. Div. 248, 52 N. Y. Supp..950; and, assuming that they had no redress under the general law, the relators prepared their case for reinstatement upon the theory that they were "regular clerks," and so protected from summary removal by section 1543 of the charter. By stipulation it was provided that but one proceeding should be instituted, and that all the cases should abide the result of the one, and the question before me is simply as to the effect upon the present proceedings of the litigation in the case of Warschauer,—the test case. That litigation resulted in the dismissal of the petition at special term, with affirmance by the appellate division, upon the ground that the relator was not a "regular clerk," within the meaning of the charter (People v. Dalton, 34 App. Div. 302, 54 N. Y. Supp. 216), and an appeal was taken to the court of appeals. Pending this appeal, and in the month of February, 1899, the court of appeals rendered their decision in the Fleming Case, and for the first time Warschauer then became apprised of his right to reinstatement under the general civil service law. His appeal to the court of appeals was then prosecuted, not only upon the basis of his alleged position as a "regular clerk," but also upon the assumption that the allegations of his petition were sufficiently broad to disclose a case within the general law, as well as under the charter; but that court held with the courts below upon the question of his standing as a "regular clerk," and declined to treat the case as arising under the general law, upon the ground that this was not the theory presented at special term, and that the petition did not contain allegations essential to a case within the general law. People v. Dalton, 159 N. Y. 235, 53 N. E. 1113. The result was an affirmance of the order dismissing the petition, and to the maintenance of these proceedings, founded upon the general civil service law, it is objected that the relators are bound by the former adjudication, or, if not so bound, that they are estopped by the continued prosecution of the case as framed under the charter after their actual rights under the general law were disclosed to them. As to the former adjudication, the respondent's contention is that Warschauer's petition did, in fact, contain allegations sufficient to have

authorized the court in the first instance to determine his rights as existing under the general civil service law, and that the dismissal of the petition so framed necessarily concluded the petitioner as to the matter thus embraced within the possible scope of the decision. It is claimed that the record must stand without recourse to the opinion of the court of appeals, since that opinion is no part of the record, and upon the record I am asked to find that there has been an adjudication of the matter now presented in the cases at bar. Granting that the opinion cannot aid the record, the question is simply one of construction of the petition itself, and upon this question I can have little hesitation in adopting the conclusion, expressed by the court of appeals, that this petition does not present facts upon which an adjudication under the general civil service law could have been based. I read the reported opinion, not as a part of the record, but as affording the highest judicial authority upon the direct question presented to me, and therefore hold that the dismissal of the earlier petition was no adjudication upon the matters now sought to be litigated. Nor do I think that the case is one where the party should be held bound as upon his persistence in an erroneous course after his true remedy was disclosed to him. The Fleming decision was announced while Warschauer's appeal to the court of appeals was pending, and his continued prosecution of that appeal was by no means in disregard of his rights as thus interpreted, since his theory was that his case fell directly within the scope of the decision announced; this being the main ground of his argument on appeal. His error in assuming the sufficiency of his allegations to a case under that decision would seem to be quite excusable in view of the fact that the respondent still insists that those allegations were sufficient, despite the ruling of the court of appeals to the contrary; and the relator's failure to commence his present proceeding immediately upon the rendition of the Fleming decision should not, therefore, be held to disclose laches. In the case of People v. Board of Education of City of New York, 158 N. Y. 125, 52 N. E. 722, cited by the respondent, the continued prosecution of a wrong form of remedy, without excuse, and to the apparent exclusion of the proper remedy, was held sufficient to justify the exercise of discretion against the relator; but the facts presented here are distinctly different, and I find no reason for denying these applications upon the ground urged. Applications granted, the question of back pay being reserved for discussion upon the settlement of the orders, three days' notice of which should be given.

Applications granted.