THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL RYAN, Respondent, *v.* JAMES L. WELLS et al., Composing the Board of Taxes and Assessments of the City of New York, Appellants.

NEW YORK (CITY OF) — DEPUTY TAX COMMISSIONER — DURATION AND TENURE OF OFFICE UNDER GREATER NEW YORK CHARTER AS AMENDED BY CHAPTER 466, LAWS OF 1901. By the elimination from section 887 of the Greater New York charter, by the amended charter (L. 1901, ch. 466), of the provision that deputy tax commissioners shall hold their offices during the pleasure of the board of taxes and assessments and be subject to removal by said board as deputies in the other city departments, such officers became subject to removal as provided by section 1543, and, as the position of deputy tax commissioner is an office, and so denominated in the charter, the duration of which is not declared by law, the office is held during the pleasure of the authority making the appointment. (Const. art. 10, § 3.)

(Submitted March 14, 1904; decided March 22, 1904.)

MOTION for reargument. (See 176 N. Y. 462.)

*Robert H. Elder* for motion.

*John J. Delany, Corporation Counsel* (*James D. Bell* of counsel), opposed.

*Per Curiam.* The motion for reargument in this case is based on the ground that the court overlooked the change effected in section 887 of the Greater New York charter by the amended act of 1901 (Ch. 466). As originally enacted this section provided in terms that the deputy tax commissioners should hold their office during the pleasure of the board of taxes and assessments and be subject to removal by said board as deputies in the other city departments, a provision omitted in the amended act. We did not consider the effect of this amendment because the respondent based the claim that his removal was illegal upon the provisions of the Civil Service Law. If his present contention that the elimination by the act of 1901 of the previous provision for removal was equivalent to an affirmative prohibition of removal it would follow that the term of the relator as deputy tax commissioner was for life and we are somewhat at a loss to discover what relevancy the Civil Service Act, which was the only subject discussed before us, bore to the question. But for two reasons the contention cannot be sustained. *First.* The provisions of section 1543 are comprehensive and in terms apply to all officers and subordinates in the respective city departments except where otherwise especially provided. When the special provision was eliminated from section 887 the case of the relator fell under the later section and it may well be that the provision of the earlier section was omitted in the revision as unnecessary. *Second.* The position of the relator was an office and is so denominated in the charter. By section 3 of article 10 of the Constitution, its duration not being declared by law, the office was held during the pleasure of the authority making the appointment.

The motion for reargument should be denied, with ten dollars costs.

PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT, VANN, CULLEN and WERNER, JJ., concur.

Motion for reargument denied.