(164 App. Div. 344)　　　　　In re GARVEY.

(Supreme Court, Appellate Division, Second Department.　November 6, 1914.)

MUNICIPAL CORPORATIONS (§ 192*)—"HEAD OF BUREAU"—REMOVAL—TENE-
MENT HOUSE DEPARTMENT—APPOINTEE.

　　Greater New York Charter (Laws 1901, c. 466) § 1543, provides that
no regular clerk or head of a bureau shall be removed without an op-
portunity of an explanation, and on every removal the true grounds shall
be entered on the records of the department or board or borough presi-
dent, and a copy filed with the municipal civil service.　Sections 1326–
1344p created a tenement house department, in charge of a tenement
house commissioner, and established three specified bureaus therein,
styled the "new building bureau," an "inspection bureau," and a "bureau
of records," delegating, however, to the commissioner the power to es-
tablish others, if he deemed necessary.　The commissioner, without for-
mally establishing any other bureau, appointed petitioner as chief in-
spector of the old building bureau in the Brooklyn division of the tene-
ment house department at a specified salary.　Held, that petitioner was
not the "head of a bureau," and therefore not within the protection of
section 1543.

　　[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§
530–582; Dec. Dig. § 192.*

　　For other definitions, see Words and Phrases, First and Second Se-
ries, Head of Bureau.]

Appeal from Sepcial Term, Kings County.

Application of Frank H. Garvey for a peremptory mandamus
against William H. Abbott, Jr., Acting Commissioner of the Tene-
ment House Department of the City of New York, to compel peti-
tioner's reinstatement in such department.　From an order denying
petitioner's motion for peremptory writ (86 Misc. Rep. 91, 149 N.
Y. Supp. 80), he appeals.　Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLE-
TON, and PUTNAM, JJ.

William F. Hagarty, of Brooklyn, for appellant.

Clarence L. Barber, of New York City (Terence Farley, of New
York City, on the brief), for respondent.

PER CURIAM.　The relator appeals from an order denying his
motion for a peremptory writ of mandamus directing his reinstate-
ment in the tenement house department of the city of New York.　He
concedes that there is no basis for his reinstatement, unless the posi-
tion which he held, and from which the tenement house commissioner
arbitrarily removed him, was that of the "head, of a bureau," within
the meaning of that phrase as used in section 1543 of the Greater New
York Charter (chapter 466, Laws 1901), which reads:

　　"But no regular clerk or head of a bureau, or person holding a position in
the classified municipal civil service subject to competitive examination, shall
be removed until he has been allowed an opportunity of making an explana-
tion; and in every case of a removal, the true grounds thereof shall be forth-
with entered upon the records of the department or board or borough presi-
dent, and a copy filed with the municipal civil service.　In case of removal,
a statement showing the reason therefor shall be filed in the department."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Chapter 19a of the Greater New York Charter creates the tenement house department, establishes its head, names him tenement house commissioner, provides for the organization of the department, and creates the offices of two deputy commissioners. An examination of sections 1328, 1329, and 1330 of the Charter shows what the Legislature did, authorized the commissioner to do, and refrained from doing or authorizing. It established three denominated bureaus in the department: (1) A new building bureau; (2) an inspection bureau; (3) a bureau of records. It delegated to the commissioner the power to establish others, if he deemed them necessary; not, of course, others of the same character as it had established, but such others as experience might find to be necessary for the efficient or convenient administration of the department. The duties of the bureaus were thus stated:

"Sec. 1330. The new building bureau shall file, record and examine plans and specifications for the light and ventilation of tenement houses hereafter altered or erected, and of buildings to be altered or reconstructed for use as tenement houses. It shall inspect all such houses and buildings in the course of construction or alteration, and record all violations of the tenement house act in respect thereto. The inspection bureau shall inspect all completed tenement houses, and record all violations of the tenement house laws and ordinances. The commissioner shall prescribe the duties of the inspectors connected with such bureau, and may assign them to such part of the city as he may deem best. The bureau of records shall contain records of every tenement house in the city, to be kept in the manner and form prescribed by the commissioner. Such other bureaus as may be organized by the commissioner shall perform the duties prescribed by him, and he may assign thereto such employés as may be necessary."

It authorized the establishment of a separate division of the department in the borough of Brooklyn, with departmental jurisdiction in that borough, which jurisdiction, in the discretion of the commissioner, could be extended to the borough of Queens, or Richmond, or both. It authorized the commissioner to designate some other officer in the department as executive head of such division, with delegated duties and powers. It authorized the establishment of a branch of the specified bureaus in the division. It authorized the commissioner to appoint subordinate officers, assistants, and other employés. In the new building bureau it provided for a minimum number of plan examiners and inspectors. In the inspection bureau it provided for a minimum number of inspectors, and authorized and directed the appointment of a chief inspector and deputy chief inspectors over such bureau. In the other bureaus it provided for such registrars, clerks, and other employés as are necessary to perform the duties. It provided that all the officers and employés be subject to the supervision and control of the commissioner, and that they perform such duties as are assigned to them. It authorized the commissioner to make regulations governing "each such bureau, and branch thereof, not inconsistent with law."

The petitioner's letter of appointment reads:

"January 8, 1907.

"Mr. Frank H. Garvey, 29 Brooklyn Avenue, Brooklyn, N. Y.—Dear Sir: I hereby notify you of your appointment as chief inspector of the old building bureau in the Brooklyn division of the tenement house department at a

salary of $2,550 per annum, such appointment to take effect Thursday, January 10, 1907. I would request that you kindly call at my office No. 44 East 23d street on Thursday morning next at nine o'clock.

      "Respectfully yours,     [Signed]   Edmond J. Butler, Commissioner."

There was no action of the commissioner establishing a bureau, unless this appointment could be accepted as an act in execution of that purpose.

In the view we take of the merits of this appeal, it is unnecessary to decide two questions which otherwise might be important: (1) Assuming that the commissioner may, under a delegation of authority to establish other bureaus, establish a bureau for which the Legislature has already expressly provided, may that statutory power be exercised by an act no more formal than the appointment of a person to fill an office or position in it, and without expressly designating the appointee as its head? (2) If a bureau may thus be established, is the person thus appointed a public officer, who, if unlawfully removed, his place having been filled by another, is limited to a direct action to regain his office? People ex rel. McLaughlin v. Police Commissioners, 174 N. Y. 450, 67 N. E. 78, 95 Am. St. Rep. 596.

We prefer to dispose of the appeal upon the undisputed facts that no bureaus other than the three created by statute were established in the department, the commissioner refraining from exercising his power, that the relator was not appointed head of one of these designated bureaus, and that his letter of appointment and the history of his relation to the department show that his appointment was limited to a separate division of the department, in a branch of the inspection bureau. The relator was therefore not within the protection of section 1543 of the Greater New York Charter. People ex rel. v. Board of Fire Com'rs of N. Y., 86 N. Y. 149; People ex rel. Levy v. Butler, N. Y. Law J., October 31, 1905, affirmed 111 App. Div. 924, 96 N. Y. Supp. 1141.

The order should be affirmed, with $10 costs and disbursements, as a matter of law, and not as a matter of discretion.