In the Matter of the Application of FRANK B. SCHMIDT, Respondent, for a Peremptory Order of Mandamus against THE BOARD OF SUPERVISORS OF THE COUNTY OF MONROE, Appellant, Impleaded with RAY F. FOWLER, as District Attorney of the County of·Monroe, Respondent.

Fourth Department, May 8, 1935.

*Marvin R. Dye,* for the appellant.

*Seymour Bernstein,* for the respondent.

TAYLOR, J. This appeal is from an order of peremptory mandamus granted at Special Term, directing the board of supervisors of Monroe county to revoke its order abolishing the office of managing clerk in the office of the district attorney of that county. The occupant of this office, the petitioner, is concededly an honorably discharged veteran of the World war. The office of managing clerk was created by the board of supervisors December 30, 1920.

The position is in the competitive civil service class. Our reading of subdivision 5 of section 12 of the County Law and sections 202 and 203 of article 11 of the County Law convinces us that the creation of the office was authorized by law. And power of creation carried with it power of abolition. (State Const. art. 10, § 3; *People ex rel. Ryan* v. *Wells,* 178 N. Y. 135; *People ex rel. Cline* v. *Robb,* 126 id. 180; *People ex rel. Sims* v. *Fire Commissioners,* 73 id. 437.) Even if the board of supervisors had no power to create the office of managing clerk, still — having created it and the district attorney having asked to have the office abolished in good faith for reasons of economy — the board had the right to undo its erroneous work in the interest of the public welfare. The petitioner was appointed managing clerk in the district attorney's office March 29, 1921, after examination and certification by the State Civil Service Commission. He had been appointed messenger in 1911 and was process server in the office from 1914 until his appointment as managing clerk. The district attorney assumed to discharge the petitioner by a written notice on January 2, 1932. Petitioner through a mandamus order, which was affirmed in this court later in 1932 (236 App. Div. 712), required the district attorney to restore petitioner to the office of managing clerk. The Appellate Division order requiring petitioner's reinstatement was served on the district attorney July 7, 1932. August 2, 1932, the district attorney wrote to the board of supervisors asking that the office of managing clerk be abolished for reasons of economy. A board containing a majority of the opposite political faith went into office January 2, 1934, and on February 27, 1934, the district attorney again wrote the board requesting that the said office be abolished. The board on May 2, 1934, by a resolution abolished the office of managing clerk. Meanwhile the district attorney had appointed a " confidential secretary." This appointment was disapproved by the Civil Service Commission but the appointee was continued in the office and paid by the district attorney personally and assigned a portion of the work formerly done by petitioner. When the office was abolished no similar or substitute office was established. There was no vacancy into which petitioner could be shifted and in fact no demand has been made for such a transfer. Such a shift cannot be made unless there is a vacant position. (*Matter of Edkins* v. *Wotherspoon,* 173 App. Div. 330.)

This proceeding was started by a petition dated June 11, 1934. Petitioner alleges that he has always done his duty and that no charges have ever been entered against him. There are many general and conclusionary allegations in the petition, but there is a statement that the board of supervisors acted in bad faith in abolish-

ing the office and did it merely to aid the district attorney in violating the Civil Service Law and rules by unlawfully appointing employees of his own personal choice and by shifting petitioner's work to office employees incompetent to do it, particularly to the confidential secretary hereinbefore mentioned. Replying affidavits were filed by the chairman of the board of supervisors and by the district attorney. The chairman of the board denies all the allegations of bad faith and alleges that the position was abolished because it was unnecessary and that its duties were being performed by other competent employees, thereby saving the county $4,500 per annum. The affidavit of the district attorney also denies bad faith and gives reasons good upon their face for requesting the abolition of the office. Such an office may be abolished for valid reasons of economy. (*People ex rel. De Vito* v. *Sayer*, 233 N. Y. 615; *Matter of Devins* v. *Sayer*, Id. 690; *Phillips* v. *Mayor, etc., City of N. Y.*, 88 id. 245.) If the board had authority to abolish this office its motives or the source of its reasons for reaching its conclusion are immaterial. However, such an abolition must always be in good faith and if a real question of fact be raised concerning good faith, there must be an alternative instead of a peremptory order. (*People ex rel. Corrigan* v. *Mayor, etc.*, 149 N. Y. 215; *People ex rel. Vanderhoof* v. *Palmer*, 3 App. Div. 389.) The burden of proof as to bad faith is on the relator (*People ex rel. Vineing* v. *Hayes*, 135 App. Div. 19), and bad faith is a question of fact. (*Matter of Jones* v. *Willcox*, 80 App. Div. 167; *People ex rel. Vanderhoof* v. *Palmer, supra.*) All the averments in the affidavits opposing the application for a peremptory order of mandamus which are in conflict with the averments of the petition are assumed to be true and a peremptory order will not issue when material questions of fact are raised. (*Matter of Haebler* v. *N. Y. Produce Exchange*, 149 N. Y. 414; *People ex rel. Corrigan* v. *Mayor, etc., supra.*)

It appearing that the petition and replying affidavits present material factual questions (Civ. Prac. Act, § 1331) it follows that the peremptory order in so far as it is appealed from should be reversed and in its stead an alternative order should issue. We grant no costs.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Order so far as appealed from modified by making the order alternative in place of peremptory and as modified affirmed, without costs.