In the Matter of the Application of RUDOLPH INDERBITZEN, Respondent, for a Mandamus Order against CITY OF BUFFALO and Others, Appellants.— Order affirmed, with ten dollars costs and disbursements. (See *Matter of Schmidt* v. *Board of Supervisors*, 244 App. Div. 493, and *Holton* v. *Board of Supervisors*, 245 id. 144.) All concur. (The alternative mandamus order directs petitioner's reinstatement.) Present — Taylor, Edgcomb, Thompson, Crosby and Lewis, JJ.

CHARLES LAGRECA, Appellant, v. THE CARBORUNDUM COMPANY, Respondent.— Orders affirmed, with ten dollars costs and disbursements. All concur. (The orders dismiss the second amended complaint and deny leave to serve a third in an action for damages sustained by contracting silicosis.) Present — Taylor, Edgcomb, Thompson, Crosby and Lewis, JJ.

HENRY G. HAYES, Appellant, v. ANTHONY HAJ and Another, Respondents.— Judgment affirmed, with costs. The last two paragraphs of the statement of facts in the respondents' brief deleted. We note a growing tendency to include in briefs matter extraneous to the record. Including such matter is of course improper and sometimes, as in this case, reprehensible. All concur. (The judgment affirms a judgment of the Buffalo City Court dismissing the complaint in an automobile negligence action.) Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.

FRANK FREDERICKS, Respondent, v. HETZLER BROS. ICE COMPANY, INCORPORATED, Defendant, and BENJAMIN E. TILTON, as Trustee of New York State Railways, Debtor, Appellant.— Judgment so far as appealed from reversed on the facts and judgment of Rochester City Court affirmed, with costs in this court and in the County Court. All concur. (The judgment reversed a judgment of the Rochester City Court dismissing the complaint as to defendant trustee and directed a judgment against the trustee in an action for damages caused by street car colliding with automobile.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

In the Matter of the Judicial Settlement of the Account of DAVID W. BENNETT, as Administrator, etc., of ELIZABETH M. STAMP, Deceased.— Decree affirmed with costs. Memorandum. While the claimant has not applied for relief under the terms of the contract, still under the provision of section 123 of the Public Welfare Law she could have received no relief in view of the contract for life support which is before the court in this proceeding. All concur, except Crosby, J., who dissents and votes for reversal on the law and for a disallowance of the claim on the ground that the claimant cannot recover on a contract which concededly she herself has breached. (The decree allowed a claim for the value of claimant's maintenance under a contract.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.