In the Matter of the Application of MICHAEL W. WIPFLER, Petitioner, Appellant, for a Mandamus Order against RALPH D. KLEBES, as City Manager of the City of Elmira, and Others, Respondents.*

Third Department, July 2, 1940.

* Revg. 164 Misc. 220.

*Gardner & Moseson [Harry Moseson of counsel], for the appellant.*

*George G. Reynolds, Corporation Counsel [George H. Winner, Assistant Corporation Counsel, of counsel], for the respondents.*

HILL, P. J.    Petitioner, on March 1, 1928, after an examination was appointed city engineer of Elmira, in accordance with the Civil Service Law of the city and State.   He served until May 9, 1935, when he was injured.   While he was in the hospital his name was taken from the city payroll, and from and after March 20, 1936, he received a pension of $137.86 monthly from the New York State Retirement System.   On May 1, 1936, he reported to the city manager that he was physically fit to resume his occupation. Three days later, the council of the city adopted a resolution by a vote of three to two abolishing the office.   On July eighteenth following, the city department of civil service was notified by the Comptroller of the State that the medical board of the Retirement System had certified that petitioner was able to return to duty, and also that he desired to be placed on a preferred eligible list, which was done immediately.   Since that time he has appeared daily at the Municipal Building and asked for work.   Colus C. Hunter was city manager from January 1, 1936, until February 15, 1937.   He was an engineer by profession.   For some time prior to his appointment as city manager, he had been consulting engineer of the city, also of Chemung county.   He testified that Thomas S. Supple assisted him in the county work.   " Q. And was Mr. Supple working for you at that time under your direction? A. On the county payroll, yes.   *   *   *   Q. And when you took office as city manager January 1, 1936 you brought Mr. Supple right along with you?   A. Yes.   Q. And he came to the City Hall with you as your own assistant?   A. He was appointed by the Council as engineering assistant to the City Manager."   On February 15, 1937, Hunter was succeeded as city manager by Ralph D. Klebes.   He continued Supple as a city employee under the title " Engineering Assistant to the City Manager."   In February, 1937, the council of the city appointed John L. Herber as " Consulting Engineer."   The term was to be two months and the salary $400 a month.   He was working at the time of the trial, April 10, 1937.   Supple is neither a licensed engineer of the State of New York nor qualified for a position under civil service in the city. Herber was a qualified engineer of Pennsylvania at the time of his appointment, but not of New York State, but he did obtain a license

prior to the trial. He is not qualified under civil service for a position in the city. City Manager Klebes testified: " Q. Who is in charge of the engineering department at the present time? A. I assume the City Manager is in charge of the engineering department as well as any other department. Q. Next in line who is in charge of that Department? A. Mr. Herber as consulting engineer. Q. He is in charge of that Department? A. He should be as consulting engineer, yes. Q. And has been since his appointment, since February 15, 1937? A. That is correct. Q. And he is performing, as far as you know, the duties of City Engineer, is he not? A. Why I don't know just what the duties of City Engineer are, but Mr. Herber advises me with reference to any engineering problem that comes up. Q. And he is the particular man in that department who does advise you? A. That is right." Prior to the time of Klebes' appointment as city manager he had been city chamberlain and in that position had charge of the payroll of the city engineering department. He testified further: " Q. Was Mr. Supple's name carried on that payroll in the City Engineering Department? A. In the City Engineering Department, yes. Q. What capacity was he carried on the payroll? A. As Engineering Assistant to the City Manager. Q. Have you a copy of that payroll here? A. Yes. Q. I show you a payroll for the period beginning March 16, 1937 and ending March 31, 1937 and ask you whether the name of Thomas S. Supple appears on that payroll? A. It does. Q. What capacity does it say there? A. Engineering Assistant. Q. That has been continuous? A. Yes. Q. Both before that date and since that time? A. That is correct."

" Appointments and promotions in the civil service of the State, and of all the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive." (State Const. art. 5, § 6.) Thereunder Supple and Herber neither have legal appointments, nor are they in the exempt class. (Rules for the Classified Civil Service, rule V.) It is apparent from this record that the services formerly rendered by the city engineer are now being performed either by Mr. Supple or Mr. Herber, if the latter is still in office, or both together, under the respective titles, " Engineering Assistant to the City Manager " and " Consulting Engineer." A civil service employee may not be removed through abolition of his position, when the lack of good faith is obvious, or be denied reinstatement where the work which he formerly did is now being done by another person or persons having no civil service standing. (*Matter of Stryker* v. *Board of Education of City of N. Y.*, 250 App. Div. 319; affd., 274 N. Y.

620; *People ex rel. Davison* v. *Williams,* 213 id. 130; *Matter of Schmidt* v. *Board of Supervisors,* 244 App. Div. 493; *Matter of Conway* v. *Carey,* 255 id. 374.)

" Any person whose name has been placed on a preferred list * *·* * may maintain a mandamus proceeding for his re-instatement to the position from which he was separated or suspended, where it is shown that another person not appointed in accordance with the provisions of this chapter is employed in the same or a similar position, or assigned to or permitted to perform substantially similar duties or services theretofore performed by any such suspended employee." (Civ. Service Law, § 31-b.)

Petitioner is entitled to a judgment and order of reinstatement in the city employment to perform services and work which he formerly did as city engineer which now are being performed by one or more persons illegally appointed.

The order should be reversed on the law and facts, with fifty dollars costs and disbursements, and prayer of the petition granted for an order directing reinstatement, with fifty dollars costs.

CRAPSER, BLISS, HEFFERNAN and FOSTER, JJ., concur.

Order reversed on the law and facts, with fifty dollars costs and disbursements, and prayer of the petition granted for an order directing reinstatement, with fifty dollars costs.