■ In the Matter of HELEN BORNSTEIN, Appellant, against MALVINA V. FREEMAN, as Registrar of Vital Statistics, Respondent.— In a proceeding by appellant seeking her restoration to the position of deputy registrar of vital statistics of the department of health of the City of Mount Vernon, the appeal is from an order dismissing the petition on respondent's motion. Order affirmed, with $10 costs and disbursements. Appellant, whose term and tenure were not defined by any statute or provision of law, could be removed at the discretion and will of respondent. (Cf. *People ex rel. Sims* v. *Fire Comrs.,* 73 N. Y. 437, 441; *People ex rel. Cline* v. *Robb,* 126 N. Y. 180, 182; *People ex rel. Ryan* v. *Wells,* 178 N. Y. 135, and *People ex rel. Cahill* v. *Barker,* 5 App. Div. 227, affd. 150 N. Y. 570.) In our opinion, subdivision 3 of section 4123 of the Public Health Law is not a limitation on the power of removal but is rather a restriction on the right of an official, who is delinquent in the performance of his duties, to continue in office. Failure to comply with section 35 of the Public Officers Law does not render appellant's removal void. That section, which refers to removals by " state officers " is inapplicable, since respondent is not such an officer. (See Public Officers Law, § 2.) Nolan, P. J., Wenzel, Murphy and Ughetta, JJ., concur; Beldock, J., dissents and votes to reverse the order and to deny the motion to dismiss the petition, with the following memorandum: The term of office of a registrar of vital statistics is four years. (Public Health Law, § 4123, subd. 1.) A deputy registrar is subject to the provisions of the article and all rules and regulations governing registrars. (Public Health Law, § 4122, subd. 1.) In my opinion, this means that the term of office of a deputy registrar is also four years. However, the four-year term of the deputy registrar may be shortened by removal forthwith where the deputy fails or neglects to discharge efficiently the duties of his office. (Public Health Law, § 4123, subd. 3.) To hold that a deputy may be dis-

charged at will is contrary to the statute. If a deputy may be removed at will, there is no necessity for the statute stipulating a cause to remove such deputy forthwith. If the language of the statute is to be given any effect, it must be read as imposing a restriction on the power of the registrar to remove the deputy to the cause stated therein, to wit, failure or neglect to discharge efficiently the duties of the office. Respondent interpreted the statute in this way when she discharged appellant.