Edwin C. Donnell, Plaintiff, *v.* The Mayor, Aldermen and Commonalty of the City of New York, Defendant.

68h    55
78 AD²375
78 AD²378

*Removal of an employee of a municipal department of the city of New York — action for salary*

An employee of one of the municipal departments of the city of New York was notified that he "was suspended from further duty in the department" from and after the date of the notice; some months thereafter, having received a notice that he was "reinstated" in the department, at a certain salary, to take effect on the date thereof, he brought an action against the city for his salary for the period between the two notices, alleging that he had been unlawfully "suspended" from duty.

*Held,* that the action could not be maintained, since it was apparent that the notice to the employee that he "was suspended from further duty" was intended and understood to sever his connection with the department, and was a "removal" from his position and not merely a temporary "suspension" from duty.

Motion by the plaintiff, Edwin C. Donnell, for a new trial, on exceptions ordered to be heard in the first instance at the General

Term, on a dismissal of the complaint at the New York Circuit on the 24th day of June, 1892.

*W. E. Cook,* for the appellant.

*E. H. Hawke,* for the respondent.

Van Brunt, P. J. :

This action was brought to recover a sum alleged to be due to the plaintiff for salary as stenographer in the department of public works in the city of New York for a period during which he alleges he was unlawfully suspended from duty. The answer alleged the discharge of the plaintiff and the termination of his employment, and that after the expiration of the period covered by the action, he was re-employed in his old position.

The plaintiff claims that the case is controlled by the rule laid down by the Court of Appeals in the case of *Gregory* v. *Mayor* (113 N. Y. 416), it being urged that in that case it was held that an employee in one of the departments of the city of New York could not be suspended, but if he was unfit for the position which he occupied, or there was no work for him to do, it was the duty of the head of the department to remove him, and that he could not be suspended without pay, the court in that case saying : " It seems to us that the power of removal in such a case as this was intrusted to the commissioners to be exercised, if at all, at once and finally. It was not meant that they should have power to arbitrarily suspend without pay, and then appoint some other in the place of the suspended man, and perhaps suspend and remove the alternate and again appoint some other. The tendency would be to confuse instead of perfecting the service. The effect upon the suspended man would also be demoralizing, causing him to expend his time in efforts to get reinstated rather than to procure a livelihood in other ways, which would be the result of a removal."

It will be seen by the language used by the court that they speak of a man, who has been suspended, spending his time in efforts to get reinstated rather than to procure a livelihood in other ways.

I have been unable to see what would be the necessity of a man who had been merely suspended being reinstated. If he had been removed he might seek to get reinstated ; but if he had never been

removed there would be no place or position into which he could be reinstated.

In other words, he has got to be unseated before he can be reseated.

The facts in the case at bar are these: On the 31st of December, 1880, the plaintiff was appointed a stenographer in the department of public works at a salary of $1,200, to take effect on the 1st of January, 1881. On the 6th of April, 1886, he was informed that the services of two stenographers were not needed in the department, and it being the commissioner's duty to dispense with any unnecessary force, he was suspended from further duty in the department from and after that date. On the 24th of September, 1886, he received the following notice: "You are hereby reinstated as stenographer in this department at a salary of $1,800 per annum, to take effect this day." At the time of his reappointment, the plaintiff made no claim for salary for the time between the notice that his services were no longer required and his reinstatement, and although he stated that he tendered services to the department the evidence in that regard is quite shadowy.

It is urged upon the part of the defendant that no recovery can be had in this action upon several grounds, one of which is that he was not suspended but removed from his position, and subsequently reinstated; and another is, that he was not an officer and did not have an office within the meaning of the statute.

In view of the conclusion at which we have arrived on the first ground upon which the complaint is dismissed it will not be necessary to discuss the second.

It is apparent that the plaintiff on the 6th of April, 1886, was removed from his position in the department of public works. He was then notified that the services of two stenographers were not needed in the department, and that he was suspended from further duty in the department from and after that date, and he did no further duty in the department until reinstated on the 24th of September, 1886. Now, when a person is suspended from further duty in the department, it is difficult to see what distinction there is between such a suspension and a removal. He was not suspended until some other time, or some other date, or until further notice.

He was suspended from further duty in the department, from doing any other work and from rendering any other service in the department. And it was clearly the intention of the commissioner to remove him from the position which he then held ; and, it was so understood by the plaintiff.

That this was the intention is evidenced by the letter of September 24, 1886, by which he was reinstated in the position which he formerly held. If he had not been removed it was impossible to reinstate him. The very use of the word " reinstated " shows that it was understood that the plaintiff was being restored to a position from which he had been removed.

It is entirely immaterial what language was used in the notice of removal so long as it was the plain intent to sever his connection with the department. And that such was the intention is manifest from the language of the notice which suspended him from further duty, apparently for all time. Nothing is said about his being suspended without pay, implying that he was to hold his position, do no work and get no pay. He was removed from further duty. If the word " removed " had been actually used it would not have made the sentence any stronger. And if it had read " you are removed from further duty in this department," it could not be claimed for a moment that he had been suspended without pay.

We think, therefore, that the exceptions should be overruled and the defendant have judgment upon the dismissal of the complaint in the court below, with costs.

O'BRIEN and FOLLETT, JJ., concurred.

Exceptions overruled and judgment ordered for defendant upon the dismissal of the complaint in the court below, with costs.