JOHN P. KELLY, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

*Dismissal from office in a municipal department — suspension — right to salary.*

On August 24, 1888, the plaintiff was appointed by the aqueduct commissioners of the city of New York, an inspector of masonry on the new aqueduct, at a monthly salary; he entered upon his employment, and discharged its duties until November 16, 1888, when he received this notice: "Owing to lack of work, * * * you are hereby suspended from November 16, without pay, until such time as your services may be required."

On February 6, 1889, the commissioners passed a resolution that owing to the near completion of the work, the services of certain inspectors, including the plaintiff, would be no longer required, and they were, therefore, dismissed from the employment of the aqueduct commissioners.

The plaintiff thereafter brought an action against the city to recover his salary from November 16, 1888, to February 12, 1889.

*Held,* that the suspension of November 16, upon the ground of lack of work, showed an intention to dismiss, and not merely to suspend the plaintiff, and was

a declaration that the plaintiff's services were no longer desired, and was, there fore, equivalent to a dismissal, and deprived the plaintiff of his right to a salary; that the effect of this notice of November 16 was not qualified by the subse- quent action of the commissioners    (BARRETT, J., dissenting )

APPEAL by the plaintiff, John P. Kelly, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the city and county of New York on the 1st day of February, 1893, upon a dismissal of the complaint at the New York Circuit, and from an order denying a motion for a new trial. -

*L. E. Warren,* for the appellant.

*S. J. Cowen,* for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover salary alleged to be due to the plaintiff.    On the 24th of August, 1888, the plaintiff was appointed by the aqueduct commissioners an inspector of masonry, to super- vise and inspect the work of the construction of the new aqueduct, on a salary of $120 per month.    Plaintiff entered upon his employ- ment, and continued to discharge the duties of his office from that date to the 16th of November, 1888, when he received the following notice : " Owing to lack of work, as reported by Division Engineer Gowan, you are hereby suspended from November 16, without pay, until such time as your services may be required."    On the 6th of February, 1889, about three months afterwards, the commissioners passed a resolution that owing to the near completion of the work, the services of the following inspectors would be no longer required, and they were, therefore, dismissed from the employment of the aqueduct commissioners.    The list included the name of the plaintiff.

This action was brought to recover salary from November 16, 1888, the time of the alleged suspension, to February 12, 1889 ; and is based upon the authorities of *Gregory* v. *The Mayor* (113 N. Y. 416), and *Emmitt* v. *The Mayor* (128 id. 117), in which it was held that parties holding offices in the various departments could not be suspended without pay, but in order that their right to salary should be terminated they should be dismissed.    The full force of these

decisions, however, seems to have been modified by subsequent cases in which the intent of the parties and their understanding seem to control the language of the alleged suspension. For example, in the case of *Lethbridge* v. *The Mayor* (133 N. Y. 233), it was held that a suspension in consequence of insufficient appropriation, and a necessary reduction of force, was equivalent to a dismissal.

So in the case at bar, it seems to us that a suspension upon the ground of lack of work shows an intention to dismiss, and not merely to suspend. And the action of February 6, 1889, does not, in our judgment, in any way qualify this construction. Such action was undoubtedly caused by the fact of the condition of the decision in *Gregory* v. *The Mayor*, which had been decided by the General Term in October 1887, and was pending in the Court of Appeals, and actually argued on the 28th of March, 1889, the resolution in question being passed in order to prevent any possible continuance of liability upon the part of the city if a mistake had been previously made.

We think a reasonable construction of the suspension was that the plaintiff's services were no longer required; and that has been held equivalent to a dismissal.

The claim made upon the part of the counsel for the respondent, that there was no proof of the proper appointment of the plaintiff to his position as inspector, comes with rather ill grace in view of the fact that such appointment is admitted in the pleadings.

The judgment should be affirmed, with costs.

FOLLETT, J., concurred.

BARRETT, J. (dissenting):

I cannot distinguish this case from *Gregory* v. *The Mayor* (113 N. Y. 416), and *Emmitt* v. *The Mayor* (128 id. 117), while I think it is plainly distinguishable from *Lethbridge* v. *The Mayor* (133 N. Y. 232), and *Wardlow* v. *The Mayor* (33 N. E. Rep. 140).

The intention was not to dismiss but to suspend. This is clearly evidenced by the tenor of the notice. "You are hereby suspended," it reads, "without pay until such time as your services may be required." This meant that meanwhile he remained an inspector under his appointment, but an inspector without pay. When his services were required he was not to be reappointed, but was to

recommence work under his original and existing appointment. But that was just what the Court of Appeals held in the cases cited could not be done without paying the officer his current salary. That this was the construction placed upon the notice by the commissioners themselves, is evidenced by the subsequent dismissal. This latter was clear and unequivocal. Nor did the plaintiff consider himself dismissed by the suspension. He knew that he was deprived of work and pay. But how? By a notice which plainly told him that his official relations with the commissioners were not finally severed. He never asked to be reappointed. What he asked was to be sent back to work or reinstated in active duty, not in office. The reason assigned for the suspension is immaterial as it does not affect the real intention as clearly evidenced by the rest of the notice and the subsequent dismissal.

The real intention was because of the lack of work to do something which was not authorized, namely, to suspend instead of something which was authorized, namely, to dismiss. I think the judgment should be reversed, and a new trial ordered.

Judgment affirmed, with costs.