William Hanrahan, Appellant, v. The Mayor, Aldermen and Commonalty of the City of New York, Respondent.— Judgment affirmed, with costs.—

PARKER, J.: The dismissal of the complaint by the court at Circuit was required by the decision of this court in *Kelly* v. *The Mayor* (70 Hun, 208). The material facts in that case and the one under review are precisely alike. The judgment should be affirmed, with costs. Van Brunt, P. J., and Follett, J., concurred.

George H. H. Butler, Appellant, v. Frederick C. Prentiss, Respondent.—Judgment modified as directed in opinion, and affirmed as modified, without costs to either party.—

PER CURIAM: Had the referee concluded that the agreement of January, 1889, which sprang out of the Sherwood House interview, was procured by fraudulent misrepresentation, then, though such related only to a portion of the agreement, the plaintiff would be right in his contention that, as a matter of law, the whole agreement should be set aside. At the interview out of which the agreement sprang, the defendant declined to go on with the business unless the plaintiff should relinquish his depreciation account make a reduction in the rent of the factory and bear half the losses of the business; and it was then stated by Hathaway, in the presence of the plaintiff and defendant that the plaintiff's depreciation account gave eleven per cent upon his capital. While holding plaintiff to so much of this agreement as he did understand, the referee relieved him from so much as was apparently based on the statement as to the eleven per cent, which he finds was a misleading one, and which the plaintiff would not have made "had he fully understood and appreciated the effect upon his rights." That the referee did not, however, regard it or find it to be a fraudulent misrepresentation clearly appears from his findings and from his opinion. In the latter he says: "I repeat what I have already said, that I do not wish to be understood as finding that the defendant deliberately intended to deceive the plaintiff or take an unfair advantage of him, but I think the effect of what he did was to mislead the plaintiff, and that he did not comply with the strict rules requiring full disclosure as between partners, one of whom stands in a position of superiority to the other in knowledge of the affairs of the firm. It does not appear that the defendant ever explained to the plaintiff the nature of the capital and depreciation accounts, or that he ever stated to him fully what was the original agreement between himself and Mr. Butler, senior." Now the referee has found, and the evidence supports it, that plaintiff understood fully what he was about in consenting to a reduction of the rent and in assuming fifty per cent of the loss, and there was ample consideration for such promise on his part, because the defendant refused to go on further with the business unless he should make such modifications in their partnership agreement. There was consideration also for his promise to waive the fixed percentage for depreciation on machinery; but the referee, as we have seen, reached the conclusion that he did not understand that, and that it became a part of the agreement without a full depreciation of the situation on Butler's part. We think that in this latter conclusion the referee took a view of the testimony most favorable to the plaintiff, for, independently of whatever the defendant or Hathaway may have said at the time on the subject, it was made to appear that, prior to the Sherwood House interview, the plaintiff had announced his determination to give up his right to the depreciation account. Having, however, drawn the inference most favorable to the plaintiff, which expressively negatives a finding of any fraudulent misrepresentation, the rule which the plaintiff would invoke — that "wherever an agreement or other like transaction has been procured by means of a material fraudulent misrepresentation by one of the parties, * * * even though it relates only to a portion of the contract, it furnishes a complete defense to an enforcement of the whole agreement "— is not applicable. In addition, however, to the concession obtained from the plaintiff as to the depreciation account in 1889, the defendant prior thereto, and in 1885, persuaded plaintiff to waive all depreciation on new machinery for 1885, and to accept two per cent depreciation for 1886 and three per cent for 1887. The referee having found that the plaintiff did not understand the depreciation account, which the defendant was bound to explain to him, and that a contract to reduce it made in 1889 could not be sustained, and that five per cent was a low rate of depreciation both for new and old machinery, which fact was not made known to the plaintiff, we think that, to make the judgment consistent and logical, so much of the agreement of 1885 as involved a reduction in the rate of depreciation upon new machinery should also have been set aside. The crediting of the plaintiff, however, with such amount, which is ascertainable, does not require a new trial, but the amount can be deducted from the judgment. The other questions are mainly of fact, and have not only been disposed of in elaborate findings, but in a full and able opinion by the referee, with whose conclusions we see no reason to differ. The judgment as modified should be affirmed, without costs. Present — Van Brunt, P. J., O'Brien and Parker, JJ.