FRANCISCO v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.  December 31, 1897.)

OFFICER—REMOVAL—COMPENSATION.

A resolution of the aqueduct commissioners of New York City suspending from work, without pay, an inspector of masonry appointed under Laws 1883, c. 490, as amended, operated as a discharge, and he was not entitled to recover any salary after that time.

Appeal from trial term.

Action by Charles E. Francisco against the mayor, aldermen, and commonalty of the city of New York.  Plaintiff was appointed inspector of masonry by the aqueduct commissioners, acting under the authority of Laws 1883, c. 490, as amended.  From a judgment en- ·

tered by direction of the court on a trial by jury, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Francis M. Scott, for appellants.

E. Browne, for respondent.

RUMSEY, J. On the 27th day of June, 1888, the plaintiff was appointed by the aqueduct commissioners as inspector of masonry upon the work, at a salary of $120 a month. He continued to perform that work until the 27th day of November, 1888, at which time, pursuant to a resolution of the commissioners, there was served upon him a notice that he was suspended, for lack of work, without pay from that date. From that time on he did no work for the aqueduct commissioners. He brought this action to recover his wages from the date of his suspension to the 20th day of March, 1889, at which time he says he was formally discharged. The defendants insisted that the suspension without pav on the 27th of November, 1888, was in legal effect a discharge, and that the plaintiff, having done no work for them since, was not entitled to recover any pay. This contention of the defendant was overruled, and a verdict was ordered for the plaintiff for the four months' salary, upon which judgment was entered, and this appeal is taken. The exception to the direction of the court ordering the judgment brings up for review in this court the question of law arising upon that exception. Code Civ. Proc. § 1346. It is unnecessary to enter into any discussion of the legal proposition thought to be involved. The precise question has already been before the courts more than once, and upon each occasion it was held that this resolution of the aqueduct commission suspending an inspector from work, without pay, operated as a discharge, and that he was not entitled to recover any salary after that time. Kelly v. City of New York, 70 Hun, 208, 24 N. Y. Supp. 1; McNamara v. City of New York, 152 N. Y. 228, 46 N. E. 507. These cases are decisive upon this appeal, and, following them, the judgment for the plaintiff must be reversed, with costs to the appellant to abide the event. A new trial is ordered. All concur.