PEOPLE ex rel. GILDERSLEEVE v. DALTON et al.

(Supreme Court, Appellate Division, Second Department. November 21, 1899.)

MUNICIPAL CORPORATIONS — CIVIL SERVICE — ABOLISHMENT OF OFFICE — REMOVAL.

An order dismissing one from a position in the classified civil service of a city, subject to competitive examination, reciting that it was "for the good of the service," is insufficient to abolish the office; and hence he is entitled to reinstatement, for failure to comply with Laws 1898. c. 186, § 3, prescribing how removals from office shall be made.

Appeal from special term, Kings county.

Application for mandamus by the people, on the relation of Van: Voorhies Gildersleeve, against William Dalton, as commissioner of water supply of the borough of Brooklyn, and another, to compel the reinstatement of the relator as inspector of manufactures, etc. From an order granting a peremptory writ, respondents appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

William J. Carr (Luke D. Stapleton, on the brief), for appellants.
Herbert H. Kellogg (James A. Allen, on the brief), for respondent.

WOODWARD, J.   The relator on the 7th day of April, 1898, was holding a position as inspector of manufactures in the water purveyor's bureau, in the borough of Brooklyn; this position being in the classified civil service of the city of New York, subject to competitive examinations.   On that day the deputy commissioner of water supply for the borough of Brooklyn dismissed him by issuing the following order:

"April 6. It is ordered that Van Voorhies Gildersleeve, inspector bureau of extension and distribution, be, and hereby is, removed, from April 7, 1898, for the good of the service, subject to the approval of the commissioner of water supply."

It is contended by the petitioner that this removal was made for political or other improper reasons, in violation of the provisions of chapter 186 of the Laws of 1898, section 3 of which provides that:

"If a person holding a position subject to competitive examination in the civil service of the state or of a city shall be removed or reduced the reasons therefor shall be stated in writing and filed with the head of the department or other appointing officer, and the person so removed or reduced shall have an opportunity to make an explanation."

The appellants deny that the relator was removed for any improper reason, or in violation of the provisions of law, but allege that:

"At the time of the removal of the relator there were in the department of water supply in the borough of Brooklyn two inspectors of manufactures, or factory inspectors, or inspectors of water meter manufactories, or performing the same or similar duties to those for the performance of which the relator was appointed, and which the relator was performing.   That one of said inspectors was capable of performing all the work the public interest required to be performed, and that the only other person holding a like or similar position is David H. Smith, who was an honorably discharged soldier, having served as such in the Union army during the Rebellion, and who had not served in the Confederate army or navy.   The economy in the public service in the department of water supply demanding the discharge of one of the two persons holding a like or similar position, the defendant, in obedience to the law, discharged the relator, who was a civilian, and retained the veteran in the employment.   That at the time of the discharge of the relator there was insufficient work to require his retention in the public service, and said Smith has since performed all the work necessary to be performed in said position. That no person has been appointed in the place of said relator since the removal of the said relator, or who performed like or similar duties performed by the relator while he was in the public service."

There is no longer doubt that chapter 186 of the Laws of 1898 applies to the city of New York, in common with the other cities of the state. People v. Dalton, 158 N. Y. 175, 52 N. E. 1113. The relator has some rights under that law which must be respected, and while we have no doubt that it was within the power of the commissioner of water supply in the borough of Brooklyn to abolish in good faith the position held by the relator, thus depriving him of employment, we cannot hold that the order dismissing the relator from the position "for the good of the service" was sufficient to accomplish this purpose. The position itself must be abolished in good faith, or the relator cannot be deprived of his employment, except in the manner pointed out by the statute. The recent decision of the court of appeals in Re Breckenridge, 160 N. Y. 103, 54 N. E. 670, in connection with People v. City of Brooklyn, 149 N. Y. 215, 43 N. E. 554, and In re Kelly, 42 App. Div. 283, 59 N. Y. Supp. 30, is sufficient authority for the conclusion we have reached. The order appealed from should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.