KENNY v. KANE et al., Commissioners of Sewers.

(Supreme Court, Appellate Division, First Department.   June 8, 1900.)

MUNICIPAL CORPORATIONS—SEWER INSPECTOR—REMOVAL — REINSTATEMENT—
MANDAMUS.

>   An application for a peremptory writ of mandamus will not lie to rein-
>   state an inspector of sewer construction, though his position ·was subject
>   to the civil service rules, where the answer alleges that his services were
>   no longer required, and the complaint does not allege that another person
>   was appointed to the position vacated by relator's removal, or that the
>   sewer commissioners acted in bad faith in removing him, since such
>   application presents a question of fact.

Appeal from special term, New York county.

Application by Michael Kenny against James Kane and others, as commissioners of sewers of the city of New York, for mandamus to compel relator's reinstatement as sewer inspector.   From a judgment denying the application (59 N. Y. Supp. 555), plaintiff appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, and INGRAHAM, JJ.

Roger Foster, for appellant.

Terence Farley, for respondents.

INGRAHAM, J.   The relator commenced this proceeding to obtain a peremptory writ of mandamus requiring the respondents, as commissioners of sewers of the city of New York, to reinstate the relator as inspector in the construction of the sewer in Sedgwick avenue, borough of the Bronx, city of New York.   The petition alleges the appointment of the relator as such inspector, the employment to cease on the completion of the work under the contract; that on or about the 13th of December, 1898, the respondents served upon the relator a notice, of which a copy is annexed to the petition, as follows:

"Sir:   The contract for sewer, etc., in Sedgwick Ave., from the existing sewer in Fordham Rd. to E. 188th St., with branches, etc., having been returned by you as partially completed, you are hereby discharged from date, by order of the deputy commissioner of sewers, borough of the Bronx.

"Respectfully,                    H. G. Farnum, Acting Chief Engineer."

The petition further alleges that shortly after or about the time of the said removal the work upon said sewer was suspended by the contractor and the persons who were engaged in the construction of the same, on account of the cold during the winter months, and work upon said sewer was suspended accordingly; that subsequently, and on or about April 1, 1899, the work upon said sewer was resumed, and the said contractor and the other persons engaged in the construction of said sewer resumed the construction of the same; but that the respondents, although requested by the petitioner so to do, have, and each of them has, refused, and still they and each of them refuse, to permit the petitioner to resume his work as inspector aforesaid.   The petition further alleges that, "at the times hereinafter mentioned, said position was, still is, and appointments thereto were and still are, subject to competitive examination in the civil service of the city of New York."   In answer to this petition, there was

submitted the affidavit of the deputy commissioner of sewers for the borough of the Bronx, the borough in which said work was being prosecuted, in which it is alleged that prior to the appointment of the relator an inspector named Purdy had been duly appointed upon said work, and said inspector had continued on said work from the 25th of July, 1898, to the time this application was made; that the relator herein was appointed on the 18th day of November, 1898, at a time when it was believed by the deponent that more than one inspector was necessary on said work; that when the weather commenced to get colder, and when the work was such that it did not require the services of more than one inspector, the relator was discharged; that this discharge did not take place on account of any personal dereliction on the part of the petitioner, but simply and solely for the reason that there was no work for him to do; that the reason why Purdy was retained and the relator discharged was that Purdy had been on said work longer than the relator, having been appointed thereto on the 26th of July, 1898, and he was necessarily more familiar with its construction than the relator. There is no allegation that any one was appointed in the place of the relator, that the services of more than one inspector were required, or that the relator was removed from his position for any other reason than that there was no work for him to do. The position from which the relator was discharged was therefore, in effect, abolished, and the discharge of the relator was because his services were no longer required. The civil service law does not require that a person appointed to a position of this kind is entitled to such position and pay for services not performed after the work that he was required to superintend was so far completed that his services were not necessary. It does not appear that the respondents acted in bad faith or attempted to evade the provisions of the civil service law, and the most that can be said is that a question of fact was presented which could not be determined on this application.

The relator was not, therefore, entitled to a peremptory writ of mandamus, and the order appealed from is affirmed, with $10 costs and disbursements.

VAN BRUNT, P. J., and RUMSEY, J., concur.

HATCH, J. I concur solely upon the ground that upon the papers a question of fact was presented, and therefore a peremptory writ of mandamus could not issue.