(32 Misc. Rep. 109.)

PEOPLE ex rel. STONE v. DALTON, Commissioner of Water Supply, Etc., et al.

(Supreme Court, Special Term, Kings County. June, 1900.)

CIVIL SERVICE—REMOVAL OF EMPLOYE—CHANCE TO EXPLAIN—WHEN NOT REQUIRED.

Laws 1898, c. 186, provides that no person holding a position in the civil service subject to competitive examination shall be removed unless written reasons therefor are filed with the head of the department, and an opportunity given for an explanation. Relator held a position in the competitive class by an appointment under the civil service regulations, and petitioned for mandamus to reinstate him, after removal without a chance for explanation. The return showed that relator was discharged in the interest of economy, and that such reasons were on file in writing with the head of the department. *Held*, that the return was sufficient on demurrer, since it is only where the reasons for removal affect the conduct or capacity of the employé that an opportunity for an explanation is necessary before removal.

Action by the people, etc., of New York, on the relation of Henry A. Stone, against William Dalton, commissioner of water supply, etc., and others. Relator demurred to the sufficiency of the return to an alternative writ of mandamus. Demurrer overruled.

Lamb & Johnson (Jesse W. Johnson, of counsel), for relator.

John Whalen, Corp. Counsel (Luke D. Stapleton, of counsel), for defendants.

CHESTER, J. For the purpose of determining the questions presented, the facts alleged in the return must be taken as true. The relator held the position of inspector of driven wells under the department of water supply, in the borough of Brooklyn, by virtue of an appointment made under the civil service regulations. The position he occupied was in the competitive class. On April 26, 1898, he was removed from such position without having an opportunity to make an explanation. He now seeks to be reinstated under chapter 186 of the Laws of 1898, which provides that no person holding a position subject to competitive examination in the civil service shall be removed without the reasons therefor being stated in writing, and filed with the head of the department, nor without being afforded an opportunity to make an explanation. The return shows that the reason for the removal was stated in writing and filed in the department; such reason being stated to be lack of work in consequence of the completion of the by-pass at Ridgewood reservoir. It is also alleged in the return "that there was no need for the services of relator, and that no person has been appointed an inspector of driven wells to perform like or similar service in the department of water supply since the discharge of the relator, and that there has been no reason for the appointment of any such person, and no work for any such person to do in said department; that there is now only one inspector of driven wells in said department in the borough of Brooklyn, and that he was appointed before the relator, and he is performing all the work required by the department in the inspection of driven wells; and that the reason for the discharge of the relator is as stated in the written reasons filed with the appointing power, as hereinbefore set forth, and that said action was taken in the interest of economical administration of the department, there being no need whatever for the services of relator."

Assuming, as I must, for the purpose of deciding this demurrer, that it is true that this relator was removed for lack of work, or because there was no need for his services, and that such removal was in the interest of economical administration of the department, then a good defense is stated in the return, notwithstanding the admission therein contained that no charges were preferred against him, and no opportunity given him for explanation; for it has frequently been held, under statutes of like import, that where a removal has been made because of similar reasons assigned here, and not because of some neglect of duty or incapacity, or some other cause affecting fitness for the place, the provision in the statute requiring an opportunity to make an explanation before removal does not apply. Leth-

bridge v. City of New York, 133 N. Y. 237, 30 N. E. 975; Langdon v. Mayor, etc., 92 N. Y. 427; Phillips v. Mayor, etc., 88 N. Y. 245. The same principle has recently been applied under the statute in question at special term in several cases. Matter of Vincent v. Cram, 27 Misc. Rep. 158, 57 N. Y. Supp. 771; Kenny v. Kane, 27 Misc. Rep. 680, 59 N. Y. Supp. 555.

The return also contains a denial of material allegations contained in the alternative writ, which, in my opinion, are sufficient to raise an issue to be tried. If, as is claimed by the relator, his discharge was not made in good faith, for the reason assigned in the return, that fact will have to be determined upon a trial. None of the cases cited by him arose upon a demurrer. For these reasons I think the demurrer should be overruled, with costs.

Demurrer overruled, with costs.