CURRAN v. NEW YORK CENT. & H. R. R. CO.　DONOVAN v. SAME.
LANNON v. SAME.

(Supreme Court, Appellate Term.　March 5, 1900.)

NEGLIGENCE—LIABILITY—PERSON INJURED—DANGER—KNOWLEDGE.
　　Where plaintiff was injured by handling soda not belonging to him, which he knew was wet, and would burn the flesh it touched, he could not recover for injuries resulting on the ground of defendant's negligence in allowing the soda to get wet.

Appeal from municipal court, borough of Manhattan, Second district.

Actions by William Curran, Jeremiah Donovan, and William Lannon against New York Central & Hudson River Railroad Company. From a judgment in favor of plaintiffs, defendant appeals. Reversed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

C. C. Paulding, for appellant.
M. Greenberg, for respondent.

PER CURIAM. If the defendant was negligent in allowing the soda to get wet, it was negligence of which the plaintiffs had no right to complain. It was not their soda. The evidence and admissions show that the plaintiffs knew that the soda was wet, and that soda, when wet, would burn human flesh, if it touched the flesh. Knowing this, plaintiffs should have handled the soda more carefully than they did. Their carelessness brought about their injuries.

Judgment reversed and new trial ordered in the municipal court in the district in which the action was brought, with costs to appellant to abide event.

SCOTT, J., concurs in result.

_____

(49 App. Div. 101.)

PEOPLE ex rel. STRAHAN v. FEITNER et al., Commissioners.

(Supreme Court, Appellate Division, First Department.　March 9, 1900.)

1. MUNICIPAL CORPORATIONS—CIVIL SERVICE—DEPUTY TAX COMMISSIONERS—REDUCTION IN RANK.
　　A resolution of commissioners of taxes of the city of New York whereby they classified deputy tax commissioners into five grades, with a different salary for each grade, and placed a certain deputy in the fifth grade, and reduced his salary from $2,700 to $1,500, is a reduction of such deputy in rank and position, and is invalid, for noncompliance with Laws 1898, c. 186, § 3, providing that, if one holding a position subject to competitive examination in the civil service of a city shall be removed or reduced, the reasons therefor shall be stated 'n writing, and filed with the head of the department or other appointing officer, and the person so removed or reduced shall have an opportunity to make an explanation.

2. SAME—PAYMENT OF FORMER SALARY.
　　In such case the person so reduced is entitled on reinstatement to payment of the difference between his original salary and the salary he had been actually receiving since his reduction; the salary being an incident to the office he held, and his right extending to the full enjoyment of that of which he had been unlawfully deprived by the commissioners.

63 N.Y.S.—14

3. SAME.

    Nor can the reduction in such case be upheld on the ground of economy, where there was no general reduction of the salaries of all deputy tax commissioners, but, under the grading made, the salaries of some were increased and those of others diminished.

    Appeal from special term, New York county.

    Petition by the people, on the relation of James C. Strahan, against Thomas L. Feitner and others, commissioners of taxes of the city of New York, for a writ of mandamus commanding respondents to reinstate relator in his former position as deputy tax commissioner, with a salary of $2,700 a year. From an order that a peremptory writ of mandamus issue, requiring the reinstatement (62 N. Y. Supp. 969), respondents appeal. Affirmed.

    Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

    Theodore Connoly, for appellants.

    Charles P. Howland, for respondent.

    PER CURIAM. Prior to June, 1898, the relator occupied the position of deputy tax commissioner in the department of taxes and assessments in the city of New York, and was in the enjoyment of a salary of $2,700 a year. In that position he came within the protection of section 3 of chapter 186 of the Laws of 1898, and could not be removed therefrom or reduced without the reasons therefor being stated in writing and filed with the head of the department, and without having an opportunity to make an explanation. On the day above mentioned, the defendants, commissioners of taxes, adopted a resolution by which they classified deputy tax commissioners into five grades, with a different salary for each grade. They placed the relator in the fifth grade, and reduced his salary from $2,700 to $1,500 per annum. On October 27, 1898, the relator presented a petition to the supreme court, containing the necessary allegations, and praying that a writ of mandamus be issued, commanding the defendants to reinstate him in his former position as deputy tax commissioner, with a salary of $2,700 a year. The proceeding being brought to a hearing, an order was made that a peremptory writ of mandamus issue, requiring and commanding the respondents forthwith to reinstate and re-employ the relator in the position of deputy tax commissioner in the department of taxes and assessments in the city of New York, with the salary of $2,700 per annum, as the same was occupied by him prior to the 1st day of June, 1898, together with all the salary and emoluments of said position due and accruing since June 1, 1898, and further commanding them, and each of them, forthwith to take such action as may be necessary to pay or cause to be paid to the said relator the difference between said salary and the salary he has actually received since June 1, 1898; said salary amounting to $1,200 per annum. From this order the present appeal is taken.

    All the questions arising on the application for the writ are fully considered in the opinion of Mr. Justice Scott, delivered at the special term, and little need be added to the views therein expressed.

That the relator was within the protection of the provision of section 3 of chapter 186 of the Laws of 1898 results from what was held in People v. Feitner, 42 App. Div. 622, 59 N. Y. Supp. 1112, and People v. Dalton, 158 N. Y. 175, 52 N. E. 1113. That the action of the commissioners in making separate and distinctive grades of their deputies, whereby the relator was consigned to the fifth and lowest grade of all, was clearly such a. reduction in rank and position as made the commissioners' action invalid for noncompliance with the requirements of the section of the statute referred to. This reduction in position carried with it a reduction in the salary the relator had previously enjoyed, which salary was incident to the office he held. There can be, in no just sense, a separation of the unlawful act and its consequence. If the resolution of the commissioners degrading or reducing the relator in position was unlawful, as under the decisions it is conceded to be, the wrong affected the whole action of the commissioners; and, if the relator is entitled to reinstatement, his right extends to the full enjoyment of that of which he has been deprived unlawfully by the action of the commissioners. The claim that the reduction was made for economical reasons does not appear to be well founded, on the facts disclosed in the record before us. There has been no general reduction of the salaries of all the deputy tax commissioners. Under the grading made in June, 1898, some have been increased, and some diminished. They range from $3,250 for the first grade to $1,500 for the fifth grade. If the relator is entitled to be restored to the position he occupied on June 1, 1898, he cannot be compelled to accept the diminished salary, which is only made incidental to and connected with a grade in which the commissioners had no authority to put him. As to him, the classification into grades fails, and the incidents of that classification, as to him, fail with it.

It is very strongly urged that the relator was not entitled to the writ, because of laches in applying for it. What is stated in the opinion of the justice at special term fully disposes of that contention.

The order appealed from must be affirmed, with costs.

---

(49 App. Div. 22.)

PILKINGTON v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.   March 13, 1900.)

1. ATTORNEY AND CLIENT—FEES OF ATTORNEY—VALUE OF CAUSE OF ACTION—
COMPROMISE.
    Plaintiff in an action for damages agreed to pay his attorney one-third of any sum for which the cause might be adjusted. A compromise was made between the parties, by defendant paying plaintiff a stated sum, and also agreeing to pay plaintiff's attorney any claim or lien on the cause of action which he might lawfully establish. *Held*, that the sum paid plaintiff in compromise was conclusive on the defendant as the value of the cause of action, in determining the amount to be paid plaintiff's attorney by defendant, and not such sum as might be established by a continuance of the action.