PEOPLE ex rel. LEVENSON v. WELLS et al., Commissioners.

(Supreme Court, Appellate Division, First Department. January 9, 1903.)

1. CITIES—GREATER NEW YORK—CIVIL SERVICE EMPLOYES—SUSPENSION—
ABOLITION OF OFFICE—NOTICE.
    Under Laws 1901, c. 466, amending Greater New York charter, and
providing that, whenever the number of offices, positions, or employments
of a certain character is reduced, the persons holding offices or positions
thus abolished shall be deemed "suspended" without pay, etc., an employé
so "suspended" is not entitled to notice and opportunity to explain, under
. Greater New York Charter, § 1543, declaring that employés in the classi-
fied civil service shall not be "removed" without such notice and oppor-
tunity for explanation.

2. SAME—REINSTATEMENT—MANDAMUS—PEREMPTORY OR ALTERNATIVE WRIT.
    Laws 1901, c. 466, amending Greater New York charter, provides that,
when the number of offices of a certain character is reduced, the persons
holding such offices shall be deemed suspended without pay, and entitled
to have their names certified to the civil service commission as suspended,
and be entitled to reinstatement in any corresponding position in case of
a vacancy within a year. An employé was notified that because of the
abolition of his office he had been "removed." On application for manda-
mus to compel his reinstatement there was conflict between the moving
and replying affidavits as to whether or not the employé's name had been
transmitted to the civil service commission as "suspended," and eligible
for reinstatement, or as "removed." Held that, as the employé would not
be entitled to reinstatement if his name had been properly transmitted
as "suspended," he was not entitled to a peremptory, but only to an
alternative, writ.

Appeal from special term, New York county.

Mandamus by the people, on the relation of Nathan B. Levenson,
against James L. Wells and others, as commissioners of the board
of taxes and assessments, to compel relator's reinstatement as clerk
in the department of taxes and assessments. From an order grant-
ing a peremptory writ, respondents appeal. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PAT-
TERSON, O'BRIEN, and LAUGHLIN, JJ.

W. B. Crowell, for appellants.
Edgar M. Leventritt, for respondent.

LAUGHLIN, J. The petitioner was appointed to the position of
a regular clerk in the department of taxes and assessments on the
9th day of September, 1898, from an eligible list, after having passed
a civil service examination. The position is still classified by the
municipal civil service as subject to competitive examination. On the
11th day of April, 1902, he was notified in writing by the chief clerk
of the department, by direction of the commissioner of taxes and
assessments, that he was "discharged from the position of clerk" in
the department, "for reason that your services are unnecessary; said
discharge to take effect May 1, 1902." He received no other no-
tice, and was afforded no opportunity to make any explanation. No
other ground of removal was filed in the department. His affidavit
shows that no statement showing the reason for his removal was
filed in the department or with the municipal civil service commission.
The affidavit of the commissioner of taxes shows that the petitioner

was discharged "in good faith, for reasons of economy, because his services were not needed, and for no other reason"; that on the 7th day of April, 1902, the board of estimate and apportionment transmitted to the board of tax commissioners a resolution calling upon the heads of all departments to reduce their pay rolls not less than 10 per cent. by dismissals, abolition of positions, or reduction of salaries, and containing suggestions with reference to the manner in which this could be effected; that the board thereupon considered the question of administering the department efficiently and economically, and determined to dispense with the services of certain employés, including the petitioner; that accordingly it transmitted estimates of the expenses of that department for the fiscal year beginning May 1, 1902, which omitted any provision for salary for the petitioner, and these estimates were approved and became effective on or prior to May 1st; that this was the reason intended to be assigned by the notice sent to the petitioner, and is the fair construction of such notice; that no imputation was made concerning his conduct or efficiency, and "that, as deponent is informed and believes, such discharge returned him to the suspended list in the civil service"; that since the discharge of the petitioner no appointment of a permanent clerk has been made, and no temporary appointments have been made, except from eligible lists of different grades from the position previously held by the relator.

Counsel for the petitioner insists that under section 1543 of the charter, the relator, holding a position in the classified municipal civil service, could not be removed without notice and an opportunity of making an explanation. This is undoubtedly so. Formerly, where in good faith the position was abolished, or made unnecessary, for reasons of economy, the employé was removed; and, since no explanation by him could be of any avail, he was not entitled to notice or an opportunity to explain. Phillips v. Mayor, etc., 88 N. Y. 245; Langdon v. Same, 92 N. Y. 427; Lethbridge v. City of New York, 133 N. Y. 232, 30 N. E. 975; In re Kenny, 52 App. Div. 385, 65 N. Y. Supp. 204; People v. Shea, 51 App. Div. 227, 64 N. Y. Supp. 973, affirmed 164 N. Y. 573, 58 N. E. 1091; Donnell v. City of New York, 68 Hun, 55, 22 N. Y. Supp. 661; Kelly v. Same, 70 Hun, 208, 24 N. Y. Supp. 1. It was further held that neither under the charter of New York nor under the civil service law as amended by section 3 of chapter 186, Laws 1898, was it necessary, in case of the abolition of the position in good faith and for economic reasons, to file a statement showing the grounds of the removal, for the reason that the statute requiring the filing of such statement was inapplicable to such removal or termination of employment. People v. Shea, supra; Phillips v. Mayor, etc., supra; Langdon v. Same, supra; People v. Dalton, 32 Misc. Rep. 109, 66 N. Y. Supp. 229, affirmed 57 App. Div. 626, 68 N. Y. Supp. 1146. The cases of People v. Brookfield, 1 App. Div. 68, 37 N. Y. Supp. 107, People v. Dalton, 44 App. Div. 556, 60 N. Y. Supp. 909, and People v. Feitner, 49 App. Div. 101, 62 N. Y. Supp. 969, 63 N. Y. Supp. 209, though seemingly, are not, on the facts involved, opposed to this view. In the first of these cases the removal was made to take effect before the position was

legally abolished. In the second it did not appear that the position itself had been abolished in good faith, the ground assigned for the removal being "for the good of the service," and the relator was reinstated by mandamus. In the last of these cases the grade and salary of the relator's position had been reduced in violation of said section 3 of chapter 186 of the Laws of 1898, which required that he have notice and that a statement of the reasons for the reduction be filed; and, furthermore, it did not appear that the reduction had been made on the ground of economy. These decisions, however, were made either under section 28 of chapter 335, Laws 1873, or section 48 of the consolidation act (chapter 410, Laws 1882), or section 1543 of the Greater New York Charter, prior to the amendment made by chapter 466 of the Laws of 1901. This amendment for the first time incorporated the provision that, where the office or position or employment is abolished, or made unnecessary, "or whenever the number of offices, positions or employments of a certain character is reduced, the person or persons legally holding the office or filling the position or employment thus abolished or made unnecessary shall be deemed to be suspended without pay, and shall be entitled to reinstatement in the same office, position or employment, or in any corresponding or similar office, position or employment, if within one year thereafter there is need for his or their services. Whenever such offices, positions or employments are abolished or made unnecessary, it shall be the duty of the head of the department or institution to furnish the names of the person or persons affected to the municipal civil service commission, with a statement in the case of each of the date of his original appointment in the service. It shall be the duty of the municipal service commission forthwith to place the names of said persons upon a list of suspended employés for the office, or position or for the class of work in which they have been employed, or for any corresponding or similar office, position or class of work, and to certify the said persons for reinstatement, in the order of their original appointment, before making certifications from any other list. The failure of any person on any such list for reinstatement to accept, after reasonable notice, an office or position in the same borough and at the same salary or wages as the position formerly held by him shall be held to be a relinquishment of his right to reinstatement as herein stated."

It will be observed that the affidavit of the commissioner clearly shows that the position held by the relator was either abolished, or that the number was reduced; consequently his case falls within the provision of the statute quoted. By analogy, I think, the decisions previously made holding that, where the removal was for causes of this nature, the employé was not entitled to notice, are applicable to the case at bar. In such case now the employé is not removed. By operation of law the petitioner was suspended without pay, and his only right was to have his name certified to the civil service commission for reinstatement when necessary in accordance with this provision of law. Inasmuch, therefore, as he could not be removed in these circumstances, it would seem to follow that the provision requiring a statement of the grounds of removal to be filed would also

be inapplicable. It appears by the notice that was sent to him that he was in form removed. This practice was wrong, and should not be followed in the future. Entry should have been made on the records of the office, and a notice sent to the municipal civil service commission that he was suspended without pay, in accordance with the provisions of section 1543 of the charter, and the reason for such suspension without pay should have been definitely stated, so as to bring it within the express provisions of the statute. The statute does not seem to require any express notice to the employé in such case; but he should be at least informed of the action taken, and it would be well to adopt the practice of giving him a formal notice to the same effect as that required to be given to the municipal civil service commission, to the end that he might know that he was suspended, and not removed. If it appeared without controversy that the petitioner's rights had been preserved by his name being transmitted to the municipal civil service commission for reinstatement when his services should be needed, in accordance with this provision of the charter, the error in erroneously designating the action taken as constituting a removal might be disregarded, so far as this proceeding is concerned; for in that event he would not be entitled to be reinstated at the present time by mandamus. People v. Myers, 10 N. Y. Supp. 815; People v. Dalton, 34 App. Div. 302, 54 N. Y. Supp. 216; Donnell v. City of New York, supra; Kelly v. Mayor, etc., supra. There is, however, a conflict on this point between the moving and replying affidavits which presents a question of fact. Consequently he was not entitled to a peremptory writ, but an alternative writ might have been issued. If it be the fact, however, that his name has been so certified to the municipal civil service commission, an alternative writ will be of no avail to him. In that event, if it could be shown that he is in any manner prejudiced by the fact that the record shows that he was removed,—which is not at all apparent,—perhaps the record might be corrected by mandamus to show the true situation; but, as has been seen, this would not entitle him to reinstatement. As the record now stands, however, it appears that he has been removed without notice, and this was unlawful. If the attempted removal was not made in such manner as to show that it merely amounted to a suspension by operation of law, and that his rights were preserved by his name being properly certified to the civil service commission, as required by the charter, he will be entitled to reinstatement; otherwise not.

It follows, therefore, that the order for a peremptory writ was erroneously granted, and it should be reversed, and an alternative writ awarded; but, owing to the irregularity, if not illegality, of the proceedings on the part of the appellants, no costs should be awarded. All concur.