THE PEOPLE OF THE STATE OF NEW YORK ex rel. NATHAN B. LEVENSON, Respondent, *v.* JAMES L. WELLS, President, and Others, Commissioners, Composing the Board of Taxes and Assessments of the City of New York, Appellants.

*Civil service — suspension of incumbents of positions in New York city for economic reasons — notice to the civil service commissioners and to the incumbents.*

Where the head of a department in the municipal government of the city of New York, pursuant to section 1543 of the Greater New York charter (Laws of 1897, chap. 378, as amd. by Laws of 1901, chap. 466), abolishes, in good faith and for economic reasons, a number of positions in his office and suspends the incumbents of such positions without pay, he is not obliged to give the persons affected notice of his intention to abolish their positions, and, inasmuch as his action operates as a suspension and not as a removal of such persons, the statutory provision requiring a statement of the grounds of removal to be filed with the civil service commission is inapplicable.

In such a case it is the better practice for the head of the department to send a notice to the municipal civil service commission and to the persons suspended to the effect that they have been suspended without pay, in accordance with

the provisions of section 1543 of the charter, and to definitely state the reason for such suspension, and also to make a corresponding entry on the records of the department.

APPEAL by the defendants, James L. Wells, president, and others, commissioners, composing the board of taxes and assessments of the city of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of October, 1902, granting the relator's motion for a peremptory writ of mandamus requiring his reinstatement as a clerk in the department of taxes and assessments of the city of New York.

*W. B. Crowell,* for the appellants.

*Edgar M. Leventritt,* for the respondent.

LAUGHLIN, J. :

The petitioner was appointed to the position of a regular clerk in the department of taxes and assessments on the 9th day of September, 1898, from an eligible list after having passed a civil service examination. The position is still classified by the municipal civil service commission as subject to competitive examination. On the 11th day of April, 1902, he was notified in writing by the chief clerk of the department by direction of the commissioner of taxes and assessments that he was " discharged from the position of clerk " in the department " for the reason that your services are unnecessary — said discharge to take effect May 1, 1902." He received no other notice and was afforded no opportunity to make any explanation. No other ground of removal was filed in the department. His affidavit shows that no statement showing the reason for his removal was filed in the department or with the municipal civil service commission. The affidavit of the president of the board of taxes and assessments shows that the petitioner was discharged "in good faith, for reasons of economy, because his services were not needed and for no other reason ; " that on the 7th day of April, 1902, the board of estimate and apportionment transmitted to the board of tax commissioners a resolution calling upon the heads of all departments to reduce their payrolls not less than ten per cent by dismissals, aboli-

tion of positions or reduction of salaries, and containing suggestions with reference to the manner in which this could be effected ; that the board thereupon considered the question of administering the department efficiently and economically and determined to dispense with the services of certain employees, including the petitioner; that, accordingly, it transmitted estimates of the expenses of that department for the fiscal year beginning May 1, 1902, which omitted any provision for salary for the petitioner and these estimates were approved and became effective on or prior to May first ; that this was the reason intended to be assigned by the notice sent to the petitioner, and is the fair construction of such notice ; that no imputation was made concerning his conduct or efficiency, and " that, as deponent is informed and believes, such discharge returned him to the suspended list in the civil service ; " that since the discharge of the petitioner no appointment of a permanent clerk has been made, and no temporary appointments have been made, except from eligible lists of different grades from the position previously held by the relator.

Counsel for the petitioner insists that, under section 1543 of the charter (Laws of 1897, chap. 378, as amd. by Laws of 1901, chap. 466), the relator, holding a position in the classified municipal civil service, could not be *removed* without notice and an opportunity of making an explanation. This is undoubtedly so. Formerly where, in good faith, the position was abolished or made unnecessary for reasons of economy, the employee was removed ; and, since no explanation by him could be of any avail, he was not entitled to notice or an opportunity to explain. (*Phillips* v. *Mayor*, 88 N. Y. 245 ; *Langdon* v. *Mayor*, 92 id. 427 ; *Lethbridge* v. *Mayor*, 133 id. 232 ; *Matter of Kenny*, 52 App. Div. 385 ; *People ex rel. McCarthy* v. *Shea*, 51 id. 227 ; affd., 164 N. Y. 573 ; *Donnell* v. *Mayor*, 68 Hun, 55 ; *Kelly* v. *Mayor*, 70 id. 208.) It was further held that neither under the charter of New York nor under the Civil Service Law (Laws of 1883, chap. 354, § 13) as amended by section 3 of chapter 186, Laws of 1898, was it necessary, in case of the abolition of the position in good faith and for economic reasons, to file a statement showing the grounds of the removal, for the reason that the statute requiring the filing of such statement was inapplicable to such removal or termination of employ-

ment. (*People ex rel. McCarthy* v. *Shea, supra; Phillips* v. *Mayor, supra; Langdon* v. *Mayor, supra; People ex rel. Stone* v. *Dalton,* 32 Misc. Rep. 109; affd., 57 App. Div. 626). The cases of *People ex rel. Dean* v. *Brookfield* (1 App. Div. 68); *People ex rel. Gildersleeve* v. *Dalton* (44 id. 556), and *People ex rel. Strahan* v. *Feitner* (49 id. 101), though seemingly so, are not, on the facts involved, opposed to this view. In the first of these cases the removal was made to take effect before the position was legally abolished. In the second it did not appear that the position itself had been abolished in good faith, the ground assigned for the removal being "for the good of the service," and the relator was reinstated by mandamus. In the last of these cases the grade and salary of the relator's position had been reduced in violation of said section 3 of chapter 186 of the Laws of 1898, which required that he have notice and that a statement of the reasons for the reduction be filed, and, furthermore, it did not appear that the reduction had been made on the ground of economy. These decisions, however, were made either under section 28 of chapter 335, Laws of 1873, or section 48 of the Consolidation Act (Laws of 1882, chap. 410), or section 1543 of the Greater New York charter prior to the amendment made by chapter 466 of the Laws of 1901. This amendment for the first time incorporated the provision that where the office or position or employment is abolished or made unnecessary, "or whenever the number of offices, positions or employments of a certain character is reduced, the person or persons legally holding the office or filling the position or employment thus abolished or made unnecessary shall be deemed to be suspended without pay, and shall be entitled to reinstatement in the same office, position or employment, or in any corresponding or similar office, position or employment, if within one year thereafter there is need for his or their services. Whenever such offices, positions or employments are abolished or made unnecessary, it shall be the duty of the head of the department or institution to furnish the names of the person or persons affected to the municipal civil service commission, with a statement in the case of each of the date of his original appointment in the service. It shall be the duty of the municipal civil service commission forthwith to place the names of said persons

upon a list of suspended employes for the office, or position, or for the class of work in which they have been employed, or for any corresponding or similar office, position or class of work, and to certify the said persons for reinstatement, in the order of their original appointment, before making certifications from any other list. The failure of any person on any such list for reinstatement to accept, after reasonable notice, an office or position in the same borough and at the same salary or wages as the position formerly held by him, shall be held to be a relinquishment of his right to reinstatement as herein stated."

It will be observed that the affidavit of the president of the board of taxes and assessments clearly shows that the position held by the relator was either abolished or that the number was reduced; consequently his case falls within the provision of the statute quoted. By analogy, I think, the decisions previously made, holding that where the removal was for causes of this nature the employee was not entitled to notice, are applicable to the case at bar. In such case now the employee is not removed. By operation of law the petitioner was suspended without pay, and his only right was to have his name certified to the civil service commission for reinstatement when necessary in accordance with this provision of law. Inasmuch, therefore, as he could not be removed in these circumstances, it would seem to follow that the provision requiring a statement of the grounds of removal to be filed would also be inapplicable. It appears by the notice that was sent to him that he was in form removed. This practice was wrong and should not be followed in the future. Entry should have been made on the records of the office and a notice sent to the municipal civil service commission that he was *suspended without pay* in accordance with the provisions of section 1543 of the charter, and, although the statute does not expressly require it, the reason for such suspension without pay should have been definitely stated, so that it would clearly appear that it was a suspension authorized by the statute. The statute does not seem to require any express notice to the employee in such case; but he should be at least informed of the action taken, and it would be well to adopt the practice of giving him a formal notice to the same effect as that required to be given to the municipal civil service commission to the end that he

might know that he was *suspended,* and not *removed.* If it appeared without controversy that the petitioner's rights had been preserved by his name being transmitted to the municipal civil service commission for reinstatement when his services should be needed in accordance with this provision of the charter, the error, in erroneously designating the action taken as constituting a removal, might be disregarded so far as this proceeding is concerned ; for in that event he would not be entitled to be reinstated at the present time by mandamus. (*People ex rel. Woltman* v. *Myers,* 10 N. Y. Supp. 815 ; *People ex rel. Warschauer* v. *Dalton,* 34 App. Div. 302 ; *Donnell* v. *Mayor, supra; Kelly* v. *Mayor, supra.*) There is, however, a conflict on this point between the moving and replying affidavits which presents a question of fact. Consequently, he was not entitled to a peremptory writ, but an alternative writ might have been issued. If it be the fact, however, that his name has been so certified to the municipal civil service commission an alternative writ will be of no avail to him. In that event, if it could be shown that he is in any manner prejudiced by the fact that the record shows that he was removed, which is not at all apparent, perhaps the record might be corrected by mandamus to show the true situation, but, as has been seen, this would not entitle him to reinstatement. As the record now stands, however, it appears that he has been *removed* without notice and as this was unlawful, an alternative writ should be awarded, but owing to the irregularity, if not illegality, of the proceedings on the part of the appellants, no costs should be awarded.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and McLAUGHLIN, JJ., concurred.

Order reversed and alternative writ awarded, without costs.